15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Glenn D. THESENVITZ; Donald Heberlein; James E. Berwick;
Donald E. Palmer; Kenneth L. Wilson, et al.,
Plaintiffs-Appellees,
v.
KAISER ENGINEERS HANFORD CO., Defendant-Appellant,
and
Kaiser Engineers Hanford Retirement Plan; Administrative
Committee for the Kaiser Engineers Hanford
Retirement Plan, Defendants.
 No. 92-36592.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1994.*
Feb. 8, 1994.
 
 Before: WRIGHT, CANBY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 Plaintiffs-Appellees are a group of former employees of Kaiser Engineers Hanford Company (KEH). KEH had contracted with the Department of Energy to perform certain tasks at the Hanford Nuclear Reservation in Washington, which had previously been performed by the Jones Construction Company (Jones).
 
 
 3
 KEH took over most of Jones' work force and also assumed liability for Jones' pension plan and profit sharing plan by amending its own pension plan. The amendment provided a formula for determining benefits upon early, voluntary retirement. The formula provided increased benefits for Jones' prior employees who retired prior to April 1, 1989. Employees who did not elect to retire risked involuntary layoffs. All the appellees are former KEH employees who have qualified for and elected early retirement, except Norma Stark, who sues as the personal representative of the estate of her husband, Larry Stark, who was such a former KEH employee prior to his death.
 
 
 4
 KEH provided the eligible employees with information about the amount of pension benefits they would receive if they elected early retirement. Despite repeated requests, KEH refused to release documents or other information that would have allowed the appellees to check the calculations themselves. Unfortunately, the estimates were in error as a result of misuse of certain data relating to the Jones plan. The mistake resulted in promised benefits in most cases of at least double, and in one case, triple, the amount now calculated to be correct. There is no question about the fact that appellees relied on the overstated benefits in making their decisions to accept early retirement. They relinquished jobs that they could have retained with full compensation for additional years, and made substantial changes in their life-styles. Since May, 1990, the appellees have all been receiving reduced benefits based on correct calculations.
 
 
 5
 Appellees sued KEH, the KEH Retirement Plan and the Administrative Committee for the Plan under ERISA, seeking the higher benefits, both past and future. The district court dismissed the Plan and its Administrative Committee, holding the appellees were currently receiving all the benefits to which they were entitled under the Plan. Appellees did not appeal this ruling.
 
 
 6
 The district court entered judgment against KEH on a theory of equitable estoppel, ordering KEH to pay the difference between the erroneously calculated amount and the amount of benefits to which each of the appellees was actually entitled under the Plan. KEH appeals the judgment of the district court. We reverse and remand.
 
 DISCUSSION
 
 7
 The appellees did not identify any specific provision of ERISA under which they brought their suit, nor did the district court identify the specific ERISA provision pursuant to which it ruled for appellees. On appeal, appellees have identified 29 U.S.C. Sec. 1132(a)(1)(B) and 29 U.S.C. Sec. 1132(a)(3)(B)(i) and (ii).
 
 
 8
 The parties agree that this case is controlled by the recent case of Watkins v. Westinghouse Hanford Co., Nos. 91-36195 and 91-36233 (9th Cir. Dec. 29, 1993). In that case, this court held that neither of those ERISA sections will support an award of compensatory damages on a theory of equitable estoppel. See slip op. at 14594, 14609-14612.
 
 
 9
 Accordingly, the judgment of the district court is REVERSED and the case is REMANDED to the district court with instructions to enter judgment for defendants. No costs or attorneys fees allowed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3